**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Jack Permision,                    Civil Action No. 1:12-cv-00283-MSK
    Plaintiff

v.

Discover Bank,
    Defendant

_____

**SCHEDULING ORDER**
_____

**1. DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

For Plaintiff:      Craig J. Ehrlich
                    Weisberg & Meyers, LLC
                    5025 N. Central Ave. #602
                    Phoenix, AZ 85012
                    888-595-9111 ext. 250

For Defendant:      John G. Nelson
                    Law Office of John G. Nelson
                    1624 Market Street, Ste. 202
                    Denver CO 80202
                    303-376-6227

**2. STATEMENT OF JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**3. STATEMENT OF CLAIMS AND DEFENSES**

a. Plaintiff(s): Plaintiff alleges that Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willingly and knowingly placing approximately 83 telephone calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic

dialing system and/or an artificial or pre-recorded voice. Plaintiff reserves the right to amend his claim as to the number of such calls upon obtaining additional information in discovery.

    b. Defendant(s): Defendant Discover denies that it violated 47 U.S.C. 227(b)(1)(A)(iii) by willingly and knowingly placing telephone calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic dialing system and/or an artificial or pre-recorded voice. Plaintiff provided the telephone number to Discover, granting Discover approval to call that number, and did not inform Discover that this number was for a cellular telephone. Moreover, only a portion of the referenced calls were initiated using an automatic dialing system and/or an artificial or pre-recorded voice. Discover also reserves the right to amend its pleadings to add a counterclaim for the sum due on the account.

    c. Other Parties: N/A.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

    a. Jurisdiction is proper in the United States District Court for the District of Colorado.

    b. Venue is proper in the United States District Court for the District of Colorado.

## 5. COMPUTATION OF DAMAGES

For Plaintiff: Plaintiff seeks statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $1,500.00 per violation. In the alternative, Plaintiff seeks

statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 per violation.

For Defendant: Discover denies that Plaintiff is entitled to any recovery. Discover will seek costs and attorney's fees in this matter, and may amend its answer to include a counterclaim for the sum due on the account.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P.26(f)

a. Date of Rule 26(f) meeting:

March 13, 2012 at 2:00 P.M. MST.

b. Names of each participant and party he/she represented:

Craig J. Ehrlich for Plaintiff; John G. Nelson for Defendant.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

Plaintiff served Defendant her initial disclosure on March 7, 2012. Defendant shall serve Plaintiff with its initial disclosure on or before April 17, 2012.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

See above.

e. Statement concerning any agreements to conduct informal discovery:

None at this time. The parties have agreed to meet and confer as to any informal exchange of evidence to reduce the amount of formal discovery necessary in this case.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:

<u>None at this time, though the parties have agreed to confer as to procedures designed to reduce discovery and litigation costs.</u>

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

<u>The parties do not so anticipate  Discover notes that its records for Plaintiff's account are maintained in electronic form, but that this information is not voluminous</u>.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:

<u>The parties have engaged in good faith efforts to resolve this matter and wish to engage in discovery before further discussing settlement.</u>

## 7. CONSENT

All parties <u>have not</u> consented to the exercise of jurisdiction of a magistrate judge:

<u>Plaintiff so consents; Defendant does not so consent</u>.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:

<u>None.</u>

b. Limitations which any party proposes on the length of depositions:

7 hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission:

25.

d. Other Planning or Discovery Orders:

N/A.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

May 7, 2012.

b. Discovery Cut-off:

November 9, 2012.

c. Dispositive Motion Deadline:

December 14, 2012.

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any:

June 8, 2012.

2. Limitations which the parties propose on the use or number of expert witnesses:

The parties have agreed to allow 2 expert witnesses per party if necessary; however, the parties note that this case does not appear to be one in which expert testimony will be required.

3. The parties shall designate all experts and provide opposing counsel and any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

June 22, 2012.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

<u>July 6, 2012.</u>

e. Identification of Persons to Be Deposed:

<u>By Plaintiff: One 30(b)(6) deposition of each Defendant's Person Most Knowledgeable concerning Defendants' FDCPA Compliance Procedures, Plaintiff's Account, and Defendant's Discovery Responses</u>.

<u>By Defendant:</u>  Discover will need to depose Plaintiff.  Discover does not anticipate the need to depose any other witnesses but reserves the right to do so.

f. Deadline for Interrogatories:

<u>August 28, 2012.</u>

g. Deadline for Requests for Production of Documents and/or Admissions:

<u>August 28, 2012.</u>

## 10. DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on_____ at _____ o'clock ___.m. It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( ) *Pro se* parties and attorneys only need be present.

( ) Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement

must also be present.)

( ) Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. Status conferences will be held in this case at the following dates and times:

c. A final pretrial conference will be held in this case on _____ at _____ o'clock __.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:

N/A.

b. Anticipated length of trial and whether trial is to the court or jury.

Jury Trial.

Anticipated length: 2 days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

The instant scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| /s/ Craig J. Ehrlich | /s/ John G. Nelson |
| Craig Ehrlich | John G. Nelson |
| Attorney for Plaintiff | Attorney for Defendant |
| Weisberg & Meyers, LLC | Law Office of John G. Nelson |
| 5025 N. Central Ave., #602 | 1624 Market Street, Ste. 202 |
| Phoenix, AZ 85012 | Denver, CO 80202 |
| Telephone: (888) 595-9111 | (303) 376-6227 |