IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00283-MSK

JACK PERMISON,

    Plaintiff/Counterdefendant,

v.

DISCOVER BANK,

    Defendant/Counterclaimant.

_____

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**
_____

**ANSWER**

Defendant/Counterclaimant, Discover Bank ("Discover"), through undersigned counsel, hereby answers the Complaint and Jury Demand ("Complaint") filed by Plaintiff/Counterdefendant, Jack Permison, as follows:

    1.    Paragraph 1 of the Complaint sets forth legal conclusions, not factual allegations. To the extent this Paragraph may be deemed to incorporate factual averments, Discover hereby denies the same.

    2.    Paragraph 2 of the Complaint sets forth legal conclusions, not factual allegations. To the extent this Paragraph may be deemed to incorporate factual averments, Discover hereby denies the same.

3. Discover lacks sufficient information to reach a conclusion as to the truth or falsity of the allegations set forth in Paragraph 3 of the Complaint, and, therefore, denies the same.

4. Discover admits the allegations contained in Paragraph 4 of the Complaint.

5. Discover lacks sufficient information to reach a conclusion as to the truth or falsity of the allegations set forth in Paragraph 5 of the Complaint, and, therefore, denies the same.

6. Discover lacks sufficient information to reach a conclusion as to the truth or falsity of the allegations set forth in Paragraph 6 of the Complaint, and, therefore, denies the same.

7. Discover lacks sufficient information to reach a conclusion as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint, and, therefore, denies the same.

8. Discover lacks sufficient information to reach a conclusion as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint, and, therefore, denies the same.

9. With regard to the allegations set forth in Paragraph 9 of the Complaint, Discover has not received a copy of Exhibit "B" and therefore denies the allegations set forth in this Paragraph.

10. Discover lacks sufficient information to reach a conclusion as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint, and, therefore, denies the same.

11. With regard to the allegations set forth in Paragraph 11 of the Complaint, Discover admits that a document identified as Exhibit "C" is attach to the Complaint and that it contains the referenced language.

12. With regard to the allegations set forth in Paragraph 12 of the Complaint, Discover admits that it declined to arbitrate except in accordance with the parties' written arbitration agreement. To the extent this Paragraph may be deemed to incorporate any other allegations, Discover denies the same.

13. Paragraph 13 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent this Paragraph may be deemed to incorporate factual allegations, Discover denies the same.

14. Paragraph 14 of the Complaint merely incorporates previous allegations and requires no separate response.

15. Paragraph 15 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent this Paragraph may be deemed to incorporate factual allegations, Discover denies the same.

16. Paragraph 16 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent this Paragraph may be deemed to incorporate factual allegations, Discover denies the same.

17. Paragraph 17 of the Complaint sets forth a legal conclusion to which no response is necessary. To the extent this Paragraph may be deemed to incorporate factual allegations, Discover denies the same.

18.     Discover denies all allegations in Plaintiff's Complaint except to the extent expressly admitted otherwise herein.

WHEREFORE, Discover requests that Plaintiff's claims against Discover be dismissed, that Plaintiff take nothing against Discover, that Discover be awarded its costs and attorneys' fees incurred in defending this suit, and that Discover be awarded such further relief as may be just under the circumstances.

## AFFIRMATIVE DEFENSES

Discover asserts the following affirmative defenses to Plaintiff's claims against Discover:

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3.      Plaintiff's claims against Discover are barred or his right to recover is reduced under the doctrine of waiver.

4.      Mr. Permison's claims against Discover are barred or his right to recover is reduced under the doctrine of estoppel.

5.      Plaintiff's claims against Discover are barred or his right to recover is reduced under the doctrine of laches.

6.      Plaintiff failed to bring suit against Discover within the time permitted under the applicable statutes of limitation.

7.      Plaintiff failed to mitigate his damages.

8.      Plaintiff's claims against Discover are barred or his right to recover is reduced due to contributory negligence.

9. Plaintiff's claims against Discover are barred or his right to recover is reduced because he failed to notify Discover that the telephone number at issue in this case was his cell phone.

10. Discover reserves the right to advance any additional affirmative defenses that may be identified during the process of disclosure and discovery.

## COUNTERCLAIM

Discover hereby asserts the following by way of Counterclaim against Plaintiff:

### Parties

1. Counterclaimant, Discover, is a corporation duly authorized and existing under the laws of the State of Delaware with its principal place of business located in Wilmington, Delaware.

2. Counterdefendant, Jack Permison ("Mr. Permison"), on information and belief, is an individual who resides in the State of Colorado.

### Jurisdiction and Venue

3. This Court possesses jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) and the doctrine of ancillary jurisdiction because it is so related to claims in the original action as to form part of the same case or controversy under Article III of the United States Constitution, is logically interdependent, and relies upon a common nucleus of operative fact.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(1) because Mr. Permison resides in the State of Colorado. Venue in the District

of Colorado further is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to this counterclaim took place in Colorado.

## General Allegations

5. Mr. Permison held a Discover Card account.

6. Mr. Permison incurred a large number of charges on this account and failed to pay the charges as agreed.

7. As of the present date, Mr. Permison's Discover Card account remains delinquent, with a substantial balance due and owing.

## Claims for Relief

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

8. The allegations set forth in Paragraphs 1 through 7 of this Counterclaim are restated and incorporated herein by this reference.

9. A contract existed between the parties.

10. Discover performed all its obligations under the contract.

11. Mr. Permison breached his reciprocal obligations by failing to pay charges on the account as agreed between the parties.

12. Discover suffered damages due to this breach.

WHEREFORE, Discover requests an award of damages in an amount to be determined at trial, together with costs, including witness and expert witness fees, attorney's fees, and all further relief that may be just under the circumstances.

## SECOND CLAIM FOR RELIEF
(Quasi-Contract)

13. The allegations set forth in Paragraphs 1 through 7 of this Counterclaim are restated and incorporated herein by this reference.

14. Discover conferred a benefit upon Mr. Permison.

15. Mr. Permison appreciated this benefit.

16. Under the circumstances of the case, it would be inequitable to permit Mr. Permison to retain the benefit without payment of the value thereof.

WHEREFORE, Discover requests an award of damages in an amount to be determined at trial, together with costs, including witness and expert witness fees, attorney's fees, and all further relief that may be just under the circumstances.

Respectfully submitted this 7th day of May, 2012.

LAW OFFICE OF JOHN G. NELSON

By: */s/ John G. Nelson*
_____
John G. Nelson

ATTORNEYS FOR DEFENDANT

**Certificate of Service**

I certify that the foregoing document was served this 7th day of May, 2012 by electronic service on the following persons:

Tracey N. Tiedman, Esq.
Weisberg & Meyers LLC
5363 S. Holland Street
Littleton, CO  80123

*/s/ John G. Nelson*
_____